OPINION
{¶ 1} Defendant-appellant Jeffrey F. Bailey ("husband") appeals the August 13, 2003 Judgment Entry entered by the Stark County Court of Common Pleas, Domestic Relations Division, which approved and adopted the magistrate's June 18, 2003 Decision as order of the court and overruled husband's objections thereto. Plaintiff-appellee is Christina M. Bailey ("wife").
 STATEMENT OF THE FACTS AND CASE
{¶ 2} Husband and wife were married on November 7, 1980. Two children were born as issue of said union, to wit: Vanessa (D.O.B. 12/11/83), and Michaela (D.O.B. 12/11/85). On July 6, 1999, husband and wife filed a Petition for Dissolution of Marriage, which was granted via Decree of Dissolution filed August 16, 1999. The decree incorporated a Shared Parenting Agreement.
{¶ 3} Pursuant to the parenting agreement, husband's child support obligation represented a 70 percent downward deviation from the child support payment calculated in accordance with R.C.3113.215. In addition, husband was to be responsible for, among other things: the complete cost of medical, dental, hospital, optical, prescription, and surgical expenses of the children; the cost of a college education through the completion of a bachelor's degree program; the cost of each child's wedding should either marry before obtaining the age of twenty-seven; the purchase of an automobile for each daughter, upon her receipt of a driver's license to a maximum of $15,000; automobile liability and collision insurance for the minor children; life insurance on husband's life in the amount of at least $250,000 with the children named as beneficiaries until the children reach the age of the twenty-six; and husband's significant "in kind contributions * * * including, but not limited to, payment for lessons, sports equipment, clothing and the like."
{¶ 4} Shared Parenting Agreement, 2.1, E-K.
{¶ 5} On March 14, 2001, wife filed a motion to terminate the shared parenting plan and a motion to modify child support. Husband and wife filed cross motions to show cause. The magistrate conducted a hearing on the motions on April 7, 2003. Prior to the presentation of the evidence, wife withdrew her motion to terminate the shared parenting plan.
{¶ 6} Via Magistrate's Decision filed June 18, 2003, the magistrate found husband guilty of contempt for failing to comply with the terms of the parties' shared parenting plan. Specifically, the magistrate found husband failed to provide the parties' youngest daughter, Michaela, with an appropriate automobile; failed to provide Michaela with automobile insurance coverage; failed to reimburse wife for the automobile insurance coverage she had provided for Michaela to date; and failed to pay wife approximately $4,400 in unpaid medical expenses for both children. The magistrate modified husband's child support obligation, ordering husband to pay $7,500/month as combined support for the two children, commencing April 1, 2001, through May 31, 2002; to pay child support in the amount of $4,000/month for the youngest daughter, commencing June 1, 2002; and to pay $405.40/month, commencing April 1, 2001, into a savings/investment account in Michaela's name.
{¶ 7} Husband filed written objections to the magistrate's decision. Husband specifically objected to the modification of his child support obligation, and to the finding he was guilty of contempt. The trial court conducted a hearing on the objections on August 13, 2003. Via Judgment Entry filed August 16, 2003, the trial court overruled husband's objections, and approved and adopted the magistrate's June 18, 2003 Decision as order of the court.
{¶ 8} It is from this judgment entry husband appeals, raising the following assignments of error:
{¶ 9} "I. The trial court erred to the detriment of petitioner husband/appellant when it failed to rule on his objections with specificity.
{¶ 10} "II. The trial court erred to the detriment of the petitioner husband/appellant, and abused it's discretion in granting petitioner wife/appellee's motion to modify child support, both prospectively and retroactively.
{¶ 11} "III. The trial court erred to the detriment of the petitioner husband/appellant, and abused its discretion in finding husband guilty of contempt, and ordering payment [of] petitioner wife/appellee's attorney's fees. there is no evidence in the record to support a contempt finding against petitioner husband/appellant, wherein the magistrate's findings of fact detail that husband generally engaged in good faith compliance efforts.
{¶ 12} "IV. The trial court erred to the detriment of the petitioner husband/appellant, and abused its discretion by failing to find petitioner wife/appellee guilty of contempt, as the record indicates her ongoing inference with petitioner husband/appellant's companionship with the children."
 I
{¶ 13} In his first assignment of error, husband maintains the trial court erred in failing to rule on his objections with specificity.
{¶ 14} Civ. R. 53(E)(4)(b) provides, in pertinent part:
{¶ 15} "E) Decisions in referred matters.
* * *
{¶ 16} "(4) Court's action on magistrate's decision.
{¶ 17} "(a) When effective. The magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision.
{¶ 18} "(b) Disposition of objections. The court shall rule on any objections the court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration."
{¶ 19} Husband submits the language of the rule is mandatory and the trial court is required to use specificity when dispensing with objections. In support of his position, husband relies upon this Court's decision in O'Brien v. O'Brien (June 4, 2003), Delaware App. No. 02CAF08038. We find husband's reliance on this decision to be misplaced.
{¶ 20} In O'Brien, this Court found the trial court's statement it had reviewed the objections filed by the parties, without more, was insufficient to satisfy the mandates of Civ. R. 53(E)(4). The O'Brien Court cited Dorton v. Dorton (May 22, 2000), Delaware App. No. 99CAF11061, unreported. In Dorton, the complaint for divorce proceeded to trial before the magistrate. Subsequently, the magistrate issued his decision, granting the parties a divorce, allocating marital property, and awarding spousal and child support. The appellant filed objections to the magistrate's decision. The trial court issued its judgment entry/decree of divorce. The appellant appealed to this Court, asserting as error the trial court's failure to file a decision as to his objections. This Court sustained the appellant's assignment of error, finding the trial court's failure to specifically rule on the objections violated the mandatory nature of Civ. R. 53(E)(4). The trial court therein merely recognized the appellant's filing of objections.
{¶ 21} In Hinkl v. Hinkl (April 24, 2001), Ashland App. No. 2000COA01372, unreported, this Court found the trial court satisfied the mandates of Civ. R. 53(E)(4) by including the following language in its judgment entry: "The attached magistrate's decision of April 13, 2000, is incorporated herein, and is hereby adopted as the order of this Court, and the objection filed April 27, 2000, is hereby all OVERRULED in its entirety." This Court noted although the trial court did not provide significant analysis as to each objection, it expressly stated all of the objections were overruled.
{¶ 22} Herein, although the trial court did not specifically analyze each of husband's objections, the trial court expressly overruled said objections. We find the trial court complied with the mandates of Civ. R. 53(E)(4). "We herein reiterate that a trial court must specifically state whether it is overruling or sustaining any, all, or part of any dully filed objections to a magistrate's decision, as per Civ. R. 53(E)(4)(b)." O'Brien,
supra. This Court has not required a trial court to state its specific reasons for its ruling on objections to a magistrate's decision. This Court's holding in Dorton that the trial court must specifically rule on the objection is not the same as saying the trial court must rule on the objection with specificity. Appellant misinterprets Dorton.
{¶ 23} Husband's first assignment of error is overruled.
 II
{¶ 24} In his second assignment of error, husband asserts the trial court erred in modifying his child support obligation, prospectively and retroactively.
{¶ 25} In Booth v. Booth (1989), 44 Ohio St.3d 142, 144, the Ohio Supreme Court determined an abuse of discretion standard is properly applied by an appellate court in reviewing matters concerning child support. Abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable. See,Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Furthermore, the trial court has discretion to determine whether to retroactively apply a modification of an existing child support order to the date upon which the motion for modification was filed. See Murphy v. Murphy, (1984), 13 Ohio App.3d 388,389, Hamilton v. Hamilton (1995), 107 App.3d 132; Thottam v.Thottam (Oct. 17, 1994), Stark App. No. 1994 CA 00007, unreported.
{¶ 26} Paragraph 2.3 of the Shared Parenting Agreement provides:
{¶ 27} "Both parties have been informed the court has authority under certain circumstances to modify child support at any time. By the execution of this agreement, the parties agree not to institute legal proceedings at any time in the future requesting modification of the child support obligation of Husband, unless justified by the facts and the law."
{¶ 28} Husband maintains the aforementioned language in the parenting agreement clearly requires a change in the factual scenario of the children, which would warrant an adjustment in child support. Husbands adds in the absence of such a showing, a modification of child support is inappropriate regardless of any change of income of either of the parties, citing Bryant v.Bryant (Jan. 20, 1999), Coshocton App. No. 97CA8, 98CA1, unreported.
{¶ 29} We disagree with husband's interpretation of paragraph 2.3 of the Shared Parenting Agreement. The paragraph is devoid of any language requiring a change in the factual situation of thechildren. The agreement permits modification if justified by the facts and the law. The trial court properly found the substantial increase in husband's income justified the modification of the child support. Accordingly, we find the trial court did not abuse its discretion in modifying the child support.
{¶ 30} Husband's second assignment of error is overruled.
 III
{¶ 31} In his third assignment of error, husband contends the trial court erred in finding him in contempt. Husband submits the finding of contempt was not supported by the evidence as such established he "generally engaged in good faith compliance efforts."
{¶ 32} An appellate court will not reverse a trial court's decision in a contempt proceeding absent a showing of an abuse of discretion. State ex rel. Ventrone v. Birkel (1981),65 Ohio St.2d 10, 11.
{¶ 33} The evidence at the hearing established husband placed conditions and restrictions upon Michaela's receiving an automobile and his insuring said vehicle. However, the language of the agreement does not include conditions or restrictions nor does it provide husband with the authority to place conditions or restrictions on Michaela before fulfilling his agreed to obligations. Accordingly, we find the trial court did not abuse its discretion in finding husband in contempt.
{¶ 34} We now turn to the issue of attorney fees. A trial court's determination to grant or deny a request for attorney's fees is reviewed under an abuse of discretion standard. MotoristMut. Ins. Co. v. Brandenburg (1995), 72 Ohio St.3d 157. Because appellant willfully acted in derogation of the Shared Parenting Agreement, he created the situation which resulted in wife's incurring additional attorney fees. We find the trial court did not abuse its discretion in awarding attorney fees to wife.
{¶ 35} Husband's third assignment of error is overruled.
 IV
{¶ 36} In his final assignment of error, husband asserts the trial court erred in not finding wife guilty of contempt. Specifically, husband maintains the trial court erred in ignoring evidence which clearly indicated the shared parenting agreement was failing and remedial action was necessary to avoid irreparable harm to husband's relationship with his daughter.
{¶ 37} As wife noted in her Brief, the allocation of parental rights was not before the trial court at the evidentiary hearing on April 7, 2003. In his motion to show cause, husband asserted wife failed to abide by the terms of the parenting agreement as she did not discuss with and advise husband of matters pertaining to the health, education, and welfare of their daughters, and because she instituted proceedings to modify child support when such was not justified. Husband did not aver wife was undermining his relationship with his daughter.
{¶ 38} Although wife had filed a motion to terminate the shared parenting plan, she dismissed said motion prior to the commencement of the evidentiary hearing. Husband never filed his own motion to terminate or modify the shared parenting agreement. The issue of companionship was not before the trial court. The magistrate made at least two references to wife's failure to foster love and respect between husband and Michaela, and her participation in the deterioration of that relationship, however, wife's sabotaging of husband's relationship with Michaela is different from the companionship issue, which husband did not raise before the trial court. Upon review of the record, we find the trial court did not abuse its discretion in not finding wife in contempt.
{¶ 39} Husband's fourth assignment of error is overruled.
{¶ 40} The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
Farmer and Boggins, JJ., concur
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.