DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, M.P., a juvenile, appeals the judgment of the Juvenile Division of the Summit County Court of Common Pleas adjudicating him to be a delinquent child by reason of having committed the offense of gross sexual imposition. We affirm.
 I. {¶ 2} Appellant, age 14, was arrested on July 27, 2003, after a complaint was filed alleging he was a delinquent child by reason of committing gross sexual imposition. Trial was held before a magistrate on September 5, 2003. Therein, J.R., the victim, age 9, and the victim's sister, age 11, both testified from personal knowledge that Appellant had touched J.R.'s private parts on several occasions. This conduct was first reported when J.R.'s mother observed Appellant repeatedly hug the victim. J.R.'s mother then questioned him, and J.R. indicated that Appellant had touched his private parts on several occasions. J.R.'s mother then contacted the police, and the subsequent investigation led to the arrest of Appellant. At the completion of the testimony of the witnesses and closing arguments, the magistrate found Appellant to be a delinquent child by having committed the offense of gross sexual imposition. After his disposition hearing, Appellant was committed to the Ohio Department of Youth Services ("DYS") for a minimum of six months and a maximum period lasting until he reached his 21st birthday. Appellant objected to the magistrate's ruling after the trial and later objected to the magistrate's disposition as well. The trial court overruled Appellant's objections on December 23, 2003. Appellant was subsequently released from DYS on April 8, 2004, and placed on probation. Appellant timely appealed the judgment of the trial court overruling his objections to the magistrate's decision, raising five assignments of error.
 II. ASSIGNMENT OF ERROR NUMBER ONE
"The trial court erred in overruling defendant-appellant's objections to the magistrate's decision because the finding was based on inadmissible hearsay evidence."
 {¶ 3} Appellant's first assignment of error raises the issue of inadmissible evidence forming the basis for his adjudication as a delinquent child. In his first assignment of error, Appellant has argued that plain error was committed when the trial court overruled Appellant's objections despite the magistrate's decision being based on inadmissible hearsay. Appellant argued that Detective Lieutenant William Ketler, Officer Brian Pierce, and J.R.'s mother all gave inadmissible hearsay testimony. Further, Appellant argued that Detective Ketler and J.R.'s mother gave improper opinion testimony concerning the truthfulness of J.R. and his sister. Appellant concedes that no objection was made to this testimony during trial.
 {¶ 4} Pursuant to Crim. R. 52(B), a plain error that affects a substantial right may be noticed by an appellate court despite not being brought to the attention of the trial court. However, notice of a plain error is taken with the utmost caution and only to prevent a manifest miscarriage of justice. Ohio v. Bray, 9th Dist. No. 03CA008241, 2004-Ohio-1067, at ¶ 12. Therefore, we will not reverse the trial court decision unless it has been established that the trial court outcome would have clearly been different but for the alleged error. Id.
 {¶ 5} In this case, Appellant has not established that the outcome would have been clearly different but for the alleged error. Both officers and the victim's mother testified regarding statements that J.R. and his sister had made prior to trial. This Court notes that the testimony given by the officers and J.R.'s mother contained statements made by J.R. and his sister, which undoubtedly fall into the definition of hearsay and do not fall within any recognized exception. Evid. R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Therefore, neither the officers nor J.R.'s mother should have been permitted to testify about the children's statements. However, the record reflects several instances in which these witnesses testified about statements made by J.R. and his sister. J.R.'s mother testified that J.R. told her that Appellant had touched his penis on several occasions. She further testified that J.R.'s sister told her Appellant had pulled his pants down in front of J.R. Officer Price then testified that J.R., upon questioning, indicated that Appellant had touched his penis and would frequently hug him. Finally, Detective Ketler stated in his testimony that J.R. told him during an interview that Appellant touched, hugged, and kissed him. He went on to testify that J.R.'s sister informed him Appellant had kissed J.R. on the cheek and touched his groin area.
 {¶ 6} Further, Evid. R. 608(A) only permits an opinion as to a witness's truthful character only after that truthful character has been attacked by opinion or reputation evidence. Neither J.R.'s nor his sister's character for truthfulness were attacked by Appellant's counsel, so the magistrate should not have permitted testimony regarding their truthfulness. However, Detective Ketler testified that he had no reason to doubt the testimony of the victim's sister. Further, J.R.'s mother testified to the truthful character of both J.R. and his sister. She continued on to testify that she had no reason to believe that they were not being truthful with regard to this particular case. Therefore, even if we were to find that Appellant had attacked the character of the witnesses, it was still improper to allow testimony about their truthfulness regarding a specific act. See State v. Boston (1989), 46 Ohio St.3d 108, 129. Admission of such testimony has been characterized as both egregious and prejudicial. Id. at 128.
 {¶ 7} However, while the record reflects these numerous instances of improper evidence being heard by the trial court, in a bench trial, we presume that the trial court relied on only relevant, material, and competent evidence in arriving at its judgment absent a showing to the contrary. State v. Richey
(1992), 64 Ohio St.3d 353, 357. In other words, the use by the State of evidence of the victim's truthfulness is improper and constitutes error, but while such error may be cause for reversal because of its prejudicial effect on a jury, it must affirmatively appear that in a bench trial the court relied on such testimony in arriving at its verdict in order for such error to be ground for reversal. State v. Whitt (1991),68 Ohio App.3d 752, 758, citing State v. White (1968),15 Ohio St.2d 146, at paragraph two of the syllabus. Appellant has not referenced nor is there any indication in the record that the magistrate relied on any improper evidence. Further, removing the inadmissible testimony of both officers and the victim's mother, the magistrate still had admissible evidence with which to find Appellant delinquent by reason of committing the offense of gross sexual imposition. Both J.R. and his sister testified as to the specific instances of improper touching. Both noted that J.R. was touched in his private area and indicated in the State's exhibits that "private area" meant the pubic region. While minor discrepancies over exact dates arose, the magistrate had the opportunity to observe and in fact questioned both J.R. and his sister to ascertain their credibility. As such, we cannot say that the trial court's decision clearly would have been different but for the admission of improper evidence. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO
"The trial court erred in overruling defendant-appellant's objections to the magistrate's decision because the evidence was insufficient to support a finding of guilt beyond a reasonable doubt, and such verdict was therefore not supported by the manifest weight of the evidence."
 {¶ 8} In his second assignment of error, Appellant argues that the evidence presented to the magistrate was insufficient to support a finding of guilt beyond a reasonable doubt and not supported by the manifest weight of the evidence. Appellant asserts that the testimony of J.R. and his sister was contradictory and inconsistent. Appellant further argues that the State failed to produce evidence on all elements of the crime charged.
 {¶ 9} Appellant was charged under R.C. 2907.05 (A)(4), having sexual contact with a person under the age of thirteen. Additionally, R.C. 2907.01 (B) defines sexual contact as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
 {¶ 10} Due to the fact that sufficiency of the evidence is required to take a case to the jury, a finding that the conviction is supported by the weight of the evidence necessarily includes a finding of sufficiency. State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. Therefore, we will first determine whether Appellant's convictions were against the manifest weight of the evidence. In determining whether a conviction is against the manifest weight of the evidence, this Court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Otten (1986), 33 Ohio App.3d 339,340. The discretionary power to reverse a judgment as being against the manifest weight of the evidence is reserved for the exceptional case in which judgment is so contrary to all reasonable inferences drawn from the evidence that the result is a "complete violation of substantial justice[.]" Shepherd v.Freeze, 9th Dist. No. 20879, 2002-Ohio-4252 at ¶ 8, quotingRoyer v. Bd. of Edn. (1977), 51 Ohio App.2d 17, 20.
 {¶ 11} Appellant argues that no detailed description of the alleged sexual contact was ever given by a witness, and Appellant further argues that no evidence was introduced to demonstrate that the touching was for the purpose of sexually arousing or gratifying the victim or Appellant. We disagree with both these contentions. First, the record reflects that J.R. testified that the Appellant touched him below the belt. J.R referred to this as his private area. When asked to circle this area on an exhibit of the State, the magistrate took notice that J.R. had circled the "crotch/pubic/genitalia region." J.R. went on to testify that Appellant had touched him between his legs. J.R.'s sister also testified to witnessing the improper touching on at least one occasion. She identified the pubic region as well on a State's exhibit when asked where Appellant touched J.R. Additionally, this court has previously explained that in the absence of direct testimony regarding sexual gratification or arousal, the trier of fact may infer arousal or gratification from the circumstances of the contact and the personality of the defendant. State v.Antoline, 9th Dist. No. 02CA008100, 2003-Ohio-1130, at ¶ 64. The trial judge heard evidence that Appellant hugged and kissed J.R., and touched the groin area of J.R. Accordingly, the trial court did not create a manifest miscarriage of justice in inferring that Appellant caused the touching of these erogenous zones for the purpose of sexual arousal or gratification. Therefore, Appellant's conviction was not against the manifest weight of the evidence. Having disposed of Appellant's challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER THREE
"The trial court erred in overruling defendant-appellant's objections to the magistrate's decision because the trial as conducted, violated appellant's constitutional right to a fair trial."
 {¶ 12} In his third assignment of error, Appellant argues that his Constitutional right to a fair trial was violated by misconduct of the prosecutor. Appellant argues that the prosecutor presented evidence that he knew or should have known was inadmissible and highly prejudicial to the Appellant, denying the Appellant a fair trial. Again, Appellant raised no objections at the trial level regarding the conduct of the prosecutor.
 {¶ 13} In making our determination of whether the prosecutor committed misconduct, we must determine whether his remarks were improper, and, if so, whether they prejudiced substantial rights of the Appellant. State v. Overholt, 9th Dist. No. 02CA0108-M, 2003-Ohio-3500, at ¶ 47. Appellant has cited to no specific portion of record that constituted prosecutorial misconduct. Upon reviewing the record, we find nothing to indicate the prosecutor in this case acted improperly. Evidence tending to show the Appellant was guilty was introduced without objection, and the prosecutor made no inflammatory or prejudicial statements at any time during the proceedings. Further, in the absence of plain error affecting a substantial right, this Court need not consider this proposition of law because Appellant has waived this argument on appeal by failing to object to at trial. State v.Knight, 9th Dist. No. 03CA008239, 2004-Ohio-1227, at ¶ 10. With respect to his third assignment of error, Appellant does not argue plain error, so this Court will not determine whether the prosecution's introduction of inadmissible evidence constituted plain error. State v. Ramos, 9th Dist. No. 21286, 2003-Ohio-2637, at ¶ 10. As such, Appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER FOUR
"The trial court erred in overruling defendant-appellant's objections to the magistrate's decision because appellant was denied his constitutional right to effective assistance of counsel."
 {¶ 14} In his fourth assignment of error, Appellant argues that he was denied his constitutional right to effective assistance of counsel. Appellant claims his trial counsel "made no objections to hearsay evidence, did not object to improper opinion evidence of truthfulness, did not object to leading questions, and did no cross examination of [the victim's mother] or either of the police officers." However, Appellant identifies no specific instance in the record that demonstrates counsel's deficient conduct with regard to failing to object to hearsay, opinion, and leading questions. Further, Appellant has failed to set forth a single, legal authority to support his contentions that the trial court erred. As such, Appellant has failed to provide citations to authorities supporting his brief and the standard of review applicable to his assignment of error as required by App.R. 16(A)(7). Additionally, Appellant bears the burden of proof in an ineffective assistance of counsel claim.State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 49. Appellant must identify the specific acts of his counsel that he claims were not the result of reasonable professional judgment. State v. Palmison, 9th Dist. No. 20854, 2002-Ohio-2900, at ¶ 31. In evaluating an ineffective assistance of counsel claim, this Court employs a two step process as described in Strickland v. Washington (1984), 466 U.S. 668,687. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client." State v. Bradley (1989),42 Ohio St.3d 136, 141; State v. Lytle (1976), 48 Ohio St.2d 391, 396. Second, Appellant must demonstrate prejudice by showing that there is a reasonable probability that the outcome of his trial would have been different, but for his counsel's unprofessional errors. Strickland v. Washington (1984), 466 U.S. 668, 694.
 {¶ 15} "If an argument exists that can support this assignment of error, it is not this court's duty to root it out."Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349, 18673, at 18. Appellant's conclusory statements that the inaction of his counsel caused him prejudice contain no reference to the record and are not supported by any citation to legal authority. As such, Appellant has failed to demonstrate any prejudice resulting from the inaction of his counsel, much less that the outcome of his trial would have been different if his trial counsel had raised an objection. Accordingly, Appellant has failed to set forth any legal error by the trial court in this assignment of error. Appellant's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER FIVE
"The trial court erred in overruling defendant-appellant's objections to the magistrate's decision because there was prejudicial error in sentencing appellant to the department of youth services as a first offender simply because there are no community programs for someone who denys [sic] the offense."
 {¶ 16} In his fifth assignment of error, Appellant argues that his equal protection rights were violated because his sentence was not in accord with R.C. 2152.01. Again, Appellant has failed to set forth a single, legal authority to support his contentions that the trial court erred. As such, Appellant has failed to provide citations to authorities supporting his brief and the standard of review applicable to this assignment of error as required by App.R. 16(A)(7). Further, Appellant has not argued at any time that his sentence was not authorized by statute. Accordingly, Appellant has failed to set forth any legal error by the trial court in this assignment of error. Therefore, Appellant's fifth assignment of error is overruled.
 III. {¶ 17} Appellant's five assignments of error are overruled, and the judgment of the Juvenile Division of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., and Batchelder, J. concur.