POLASKY, APPELLANT, v. STAMPLER ET AL., D. B. A. L & L
DELIVERY CO., APPELLEES.

(No. 11480—Decided May 24, 1971.)

*Messrs. Brumleve, DeCamp & Wood,* for appellant..
*Messrs. Bloom, Greene, Thurman & Uible,* for appellees.

HESS, P. J. This is an appeal on questions of law from the Court of Common Pleas of Hamilton County. Herein, the parties will be referred to as they appeared in the trial court.

The transcript discloses that on August 28, 1967, the plaintiff, Harold Polasky, filed an amended petition alleging injuries to his person on or about October 1, 1965, when a double range was being delivered to his employer, Rink's Bargain City, by the defendants, Louis M. and Leslie Stampler, d. b. a. L & L Delivery Company. Plaintiff further claims that the proximate cause of his injuries was the negligence of the defendants, in permitting the double range to fall from the delivery truck and against the plaintiff, all to his damage.

After a motion to quash service of summons had been heard and overruled, defendants filed their answer in which they presented three separately numbered defenses.

First, after admitting the delivery of the double range, they specifically denied they "were negligent with respect to the alleged cause of plaintiff's alleged injuries."

Second, the following: "that if plaintiff was injured as alleged in the petition, which these defendants specifically deny, the plaintiff, himself, voluntarily undertook to assist in the removal of the double range from the truck and thereby assumed the risk of any injury incident to said removal, and further say that the plaintiff was guilty of negligence which proximately contributed to his alleged injuries in that he failed to exercise his faculties for his own protection."

Third, the following: "that on or about June 12, 1968, negotiations were undertaken on behalf of the plaintiff and the defendants herein for the purpose of effecting a compromise and settlement of the claim of the plaintiff; that thereafter plaintiff, on an offer to settle, agreed to accept the sum of $2,250 in full settlement of his said claim and to execute a release therefor in favor of the defendants; that pursuant to and in performance of said agreement a settlement check and release was prepared on behalf of the defendants and was tendered to the plaintiff through his agent and attorney; that thereafter the plaintiff failed and refused to perform his said agreement and refused to execute the final release and refused to perform said settlement agreement. Defendants further say that they are still ready and willing to perform said agreement of settlement and hereby offer to confess judgment in the amount which was agreed upon by the parties, to-wit: two thousand two hundred fifty ($2,250) dollars. Wherefore, defendants pray that judgment be entered in plaintiff's favor in the sum of $2,250, and that defendants recover their costs herein by reason of plaintiff's breach of his said agreement."

After a motion to strike the third defense from the

defendants' answer had been overruled, the plaintiff filed a reply to the allegations contained in the answer in the form of a general denial.

On May 19, 1970, a jury was impaneled, and on May 20, 1970 nine members of the jury returned the following verdict:

"We, the Jury, being duly impaneled and sworn and affirmed, find that the Defendant has proven an accord by a preponderance of the evidence and hereby award the sum of two thousand & two hundred & fifty dollars ($2,250.-00) to the plaintiff."

After motions for new trial and judgment notwithstanding the verdict had been duly filed and overruled, judgment was entered in keeping with the verdict on June 8, 1970. On August 17, 1970, the defendants deposited with the clerk of the Court of Common Pleas the sum of $2,250 as payment of said judgment.

It appears from the bill of exceptions that all the evidence presented to the jury was directed to the third defense of the defendants' answer. The plaintiff's amended petition was ignored.

The prelude to calling the first witness was as follows:

"The court: This is the case of Harold Polasky versus Louis M. Stampler, et al. Are both sides ready to proceed?

"Mr Bloom: Ready, Your Honor

"Mr Dreibelbis: Ready, Your Honor.

"The Court: All right."

(A jury, consisting of twelve members and one alternate, was duly impaneled and sworn.)

(Opening statements by the attorneys.)

"The Court: You may call your first witness.

"Mr. Bloom: We will call Mr. Greene as our first witness."

Thereupon, counsel for the defendants presented evidence in support of the third defense contained in the answer to the plaintiff's amended petition. Counsel for

the defendants presented the opening and closing argument.

On this state of the record, the plaintiff presents two assignments of error:

"No. 1, The court erred in refusing to direct a verdict at the end of the defendants' case"; and "No. 2, The court erred in refusing to permit us to ask both the attorney and the client the terms of the oral agreement respecting the attorney-client relationship in this case."

We will consider the first assignment of error presenting the issue of whether the judgment appealed from was legally procured.

It will be observed from the record presented to us that, at the time this cause was called for trial, there was an amended petition by the plaintiff alleging damages for personal injuries, an answer by the defendants setting forth affirmative defenses, and a reply by the plaintiff denying those affirmative defenses.

This court is confined to and bound by the record in reviewing the proceedings in the trial court. There are no stipulations, agreements, motions or other information appearing in the transcript or bill of exceptions which would permit the trial court to digress from the order of trial procedure provided in R. C. 2315.01.

Absent any reason to the contrary, the party holding the affirmative of an issue is entitled to open and close the evidence and argument.

The record in the instant case discloses that the trial court, for some reason not reflected in the record, chose to permit counsel for the parties to impanel a jury and determine whether there was an accord as alleged in the third defense of the defendants' answer. The defendants assumed the posture of a plaintiff and opened and closed the evidence and arguments. Why the plaintiff did not proceed on his amended petition is not reflected in the record.

The correctness of R. C. 2315.01 is apparent when we consider the plaintiff may fail to prove the defendants were negligent, or the plaintiff's evidence may establish

contributory negligence as a matter of law. In such event, the question of accord would become moot.

We conclude that, in the absence of a good reason to the contrary, it is reversible error for a trial court to fail to follow trial procedure as provided in R. C. 2315.01.

This cause is reversed and remanded to the Court of Common Pleas for a new trial.

*Judgment reversed and cause remanded.*

YOUNG and SHANNON, JJ., concur.