JOURNAL ENTRY AND OPINION
{¶ 1} In this divorce action, both parties appeal from judgments of the domestic relations court. Defendant-appellant/cross-appellee, Nicholas C. Korzeniowski (hereinafter "defendant"), urges reversal on certain grounds alleging that the trial court failed to comply with the trial procedures contained in R.C. 2315.01; and/or because the allocation of marital and separate property was not in conformance with R.C. 3105.171; and/or because the trial court failed to order valuation evidence with regard to appellant's LTV Pension. Plaintiff-appellee/cross-appellant, Joanne R. Korzeniowski (hereinafter "plaintiff"), urges reversal on different grounds alleging that the trial court erred in failing to direct an award of spousal support and in offsetting amounts due for temporary support. For the reasons that follow, we affirm in part and reverse and remand in part.
{¶ 2} A thorough review of the record indicates that the trial in this case commenced on June 5, 2000 before the magistrate. Further references indicate that additional proceedings transpired on June 6, July 14 and July 19, 2000. However, the only record of any of these proceedings provided to us for review on appeal is a short transcript dated July 14, 2000. An affidavit of defendant's trial attorney, a journal entry dated July 19, 2000, and certain passages of the magistrate's decision provide the sole evidence of the proceedings that occurred on July 19, 2000.
{¶ 3} The July 14, 2000 transcript adjourned the trial proceedings in anticipation of the testimony of defendant's expert witness who would reportedly testify as to the marital and non-marital proportions of defendant's pension. Apparently, on July 19, 2000, the parties reconvened off the record where the expert indicated a need for additional information from defendant's employer. On that day, the magistrate memorialized the proceedings in a journal entry, in pertinent part, providing as follows:
 Plaintiff and Defendant shall file Written Closing Arguments no later than August 18, 2000.
 Third Party Defendant LTV Steel Company shall provide all requested information to David I. Kelly, Pension Evaluators, * * * no later than August 4, 2000. This time period may be extended for good cause shown, only by order of Court upon written request.
{¶ 4} (Tr. 30). The magistrate issued her decision with findings of fact and conclusions of law on October 24, 2000. Therein she notes that neither party had submitted any further evidence nor did they file closing arguments as required by previous order. (Tr. 31). The record is devoid of any objection to the July 19, 2000 journal entry and/or any effort of either party to present further evidence between July 19, 2000 and October 24, 2000, notwithstanding the clearly established August deadline for filing closing arguments.
{¶ 5} Both parties objected to the magistrate's decision. Defendant objected that the magistrate erred in rendering the decision before he had "rested his case"; in failing to place a value on the pension benefit; and by failing to consider the non-marital portion in dividing this benefit. (Tr. 36). Plaintiff objected that the magistrate offset the arrearage in temporary spousal support with amounts to be received from the award of pension benefits; by assigning two values to the marital home; and in not awarding spousal support. (Tr. 40). The court overruled all objections except one that is not the subject of this appeal. (Tr. 41).
{¶ 6} The court issued its judgment entry and qualified domestic relations order on June 13, 2001. Defendant appealed and plaintiff cross-appealed.
{¶ 7} Defendant asserts three errors for our review that we will address in order. Assignment of Error I states:
 I. TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT RENDERED ITS DECISION BEFORE APPELLANT HAD RESTED OR CLOSED HIS CASE, BEFORE APPELLANT'S LAST WITNESS WAS GIVEN AN OPPORTUNITY TO TESTIFY, AND BEFORE THE PROPOSED EXHIBITS HAD BEEN MOVED INTO EVIDENCE.
{¶ 8} Defendant complains that the magistrate issued the decision prior to the conclusion of defendant's case in violation of R.C. 2315.01(C). R.C. 2315.01 sets forth procedures in jury trials which apply equally to trials by the court through the provisions of R.C. 2315.08. It is within the trial court's discretion to modify the trial procedure. OakwoodManagement Company v. Young (Oct. 27, 1992), Franklin App. No. 92AP-207, unreported, citing Lamarand v. National Life Accident Ins. Co. (1937),58 Ohio App. 417. However, when deviating from the order of trial procedure found in 2315.01, the trial court must have good reason. Polaskyv. Stampler (1971), 30 Ohio App.2d 15.
{¶ 9} Defendant does not contend that the trial court deviated from the proper procedural order in allowing plaintiff to present her case-in-chief first. Rather, defendant claims that the trial court improperly truncated the procedure by issuing an order prior to the close of his evidence and closing arguments. We are not persuaded by this contention.
{¶ 10} A simple review of the record clearly indicates that on July 19, 2000, the magistrate ordered closing arguments by a date certain, August 18, 2000. This was done within the context of the defense expert obtaining further information relative to his purported testimony by August 4, 2000. The expert received the information by that date. Nonetheless, defendant took no further action until after the magistrate's decision of October 24, 2000 (issued over a month after closing arguments were due).
{¶ 11} Several months after the magistrate's decision was issued, defendant's trial counsel submitted an affidavit indicating that defendant intended to call his expert to establish the value of the marital and non-marital values of defendant's pension. Despite reasonable opportunity, defendant failed to present this information to the court. Defendant failed to submit a closing argument as required by the magistrate's order. In the alternative, defendant could have objected to the explicit August deadline for closing arguments or attempted to secure further proceedings in the matter. It appears from the record that defendant did nothing. A party can waive compliance with the procedure outlined in R.C. 2315.01. Oakwood, supra. Accordingly, we do not find any error arising from the magistrate rendering a decision over a month after closing arguments were due. Defendant's first assignment of error is overruled.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT OVERRULED APPELLANT'S OBJECTIONS AND ADOPTED A MAGISTRATE'S DECISION WHICH DID NOT CONFORM TO THE MANDATES OF R.C. 3105.171 WITH REGARD TO THE ALLOCATION OF MARITAL AND SEPARATE PROPERTY.
{¶ 12} This assignment of error focuses on the value of defendant's pension in regard to the marital and non-marital proportions. It is undisputed that defendant worked and accumulated a portion of his pension benefits for eight years prior to the marriage. It is also undisputed that the part-marital/part-non-marital pension merged with another pension benefit that was entirely marital when defendant retired. Defendant is currently retired and the pension is in pay-out status. In dividing the property, the magistrate noted that a portion of the benefits were earned before the marriage, but simply divided the monthly pension benefit on a fifty/fifty basis. In making this division, the magistrate made note that there is value to the health insurance coverage provided to defendant that is not equally available to plaintiff.
{¶ 13} A trial court is vested with broad discretion in dividing the marital and separate property of the parties equitably. R.C.3105.171(B); Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355. We will not reverse a trial court's valuation if it is supported by some competent, credible evidence. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80.
{¶ 14} R.C. 3105.171 governs the equitable division of marital and separate property. In accordance with R.C. 3105.171(D) "the court shall disburse a spouse's separate property to that spouse. If a court does not disburse a spouse's separate property to that spouse, the court shall make written findings of fact that explain the factors that it considered in making its determination that the spouse's separate property should not be disbursed to that spouse." The statute further provides that "the commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." R.C. 3107.171.
{¶ 15} In order to divide property equitably, the trial court must place a value on each contested item of property. Pawlowski v. Pawlowski
(1992), 83 Ohio App.3d 794, 799. While the magistrate's decision notes the existence of a premarital component of the pension benefit, it does not place a value on the premarital portion. Similarly, there is no explicit finding that the separate property is not traceable. The trial court has broad discretion to develop some measure of value and can instruct the parties to submit evidence on the particular matter. Willisv. Willis (1984), 19 Ohio App.3d 45. If the trial court did not intend to award to the defendant the value of the premarital interest, it must explain the factors it considered in making this determination.
{¶ 16} We are unable to discern from the record whether the trial court deemed the separate property not traceable, or, if not, why the trial court failed to value and award the non-marital portion of defendant's pension benefits to defendant. Accordingly, this assignment of error is sustained and remanded to clarify the court's intention in dividing this part-marital/part-non-marital property in accordance with R.C. 3105.171.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO VALUE OR ORDER VALUATION EVIDENCE WITH REGARD TO APPELLANT'S LTV PENSION.
{¶ 17} As defendant points out, this assignment of error is interrelated with Assignment of Error II. It is not necessary to assign present value to vested matured retirement benefits currently due and payable where the court opts to consider the pension as earnings in determining the amount of alimony or support. Hoyt v. Hoyt (1990),53 Ohio St.3d 177. However, in making this award, the court was dividing the marital and non-marital property, not determining the amount of alimony or support. We agree that the court should determine the value of the separate property where it is traceable. R.C. 3105.171(6)(b). Accordingly, this assignment of error is sustained in conjunction with Assignment of Error II and remanded for clarification as to the court's intention in dividing this part-marital/part-non-marital property.
 CROSS-APPEAL
{¶ 18} In the cross-appeal, plaintiff assigns two assignments of error for our review. Assignment of Error I states:
 I. THE TRIAL COURT ERRED IN SETTING OFF AMOUNTS DUE AS TEMPORARY SUPPORT WITH AMOUNTS AWARDED AS PROPERTY SETTLEMENT, TO WIT, APPELLANT'S PENSION BENEFITS.
{¶ 19} The trial court did not abuse its discretion in setting off amounts due in temporary spousal support with amounts received from the pension income. In particular, the court found that defendant's only income, once he retired after working thirty-three years, was his pension income. Amounts paid to defendant from his pension during the pendency of the divorce proceedings were held under restraining order. The court only used a set-off for amounts accrued subsequent to defendant's retirement and prior to the entry of the divorce decree. Defendant remained responsible for $1,590.00 of temporary support that was due and owing prior to his retirement. "[W]hen a court awards spousal support under R.C. 3105.18, a trial court must consider income in the form of retirement benefits, even if they already were distributed as marital property under R.C. 3105.171." Briskey v. Briskey (July 23, 1998), Cuyahoga App. No. 73368, unreported, citing Holcomb v. Holcomb (1989),44 Ohio St.3d 128. Thus, the court did not abuse its discretion and this assignment of error is overruled.
 II. THE TRIAL COURT ERRED IN NOT AWARDING SPOUSAL SUPPORT, AND IN NOT ORDERING THE DEFENDANT HUSBAND TO SEEK UNEMPLOYMENT EVEN THOUGH VOLUNTARILY UNDEREMPLOYED, IN EFFECT HOLDING THAT A HUSBAND'S DECISION TO RETIRE EVEN THOUGH AGE 52 AND ABLE TO BE EMPLOYED, WAS A VALID DEFENSE TO A CLAIM FOR SPOUSAL SUPPORT.
{¶ 20} Plaintiff complains that defendant should be held accountable for spousal support despite his retirement after thirty-three years of employment at LTV Steel. A review of the magistrate's decision and court's order reveals compliance with R.C. 3105.18 and an appropriate exercise of discretion. Further, the court has retained jurisdiction over the issue of spousal support for a period of seven years. In denying spousal support at this time, the court considered the award of pension income allocated to plaintiff in the division of property. This was appropriate under the law. A court does not abuse its discretion, but merely follows the unambiguous language of the law, when it considers pension income for both property division and spousal support. Ibid. This assignment of error is overruled.
{¶ 21} Judgment affirmed in part; reversed and remanded in part.
It is ordered that appellant/cross-appellee and appellee/cross-appellant shall each pay their respective costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas, Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., CONCURS. TIMOTHY E. McMONAGLE, A.J., CONCURSIN PART AND DISSENTS IN PART. (SEE CONCURRING AND DISSENTING OPINIONATTACHED).