DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellants, Richard and Nellie Motz ("the Motzs"), have appealed the decision of the Medina County Court of Common Pleas awarding damages in the amount of $10,500.00 to Appellee, Hinckley Roofing, Inc. ("Hinckley") and damages totaling $14,000.00 to Appellants. This Court affirms.
 {¶ 2} On July 26, 2000, Appellant Richard Motz executed two contracts with Appellee for roofing work to be performed on the residence where he lived with his mother, Nellie Motz, and on a large detached garage located on his property. The roofing work to be completed on both structures totaled $15,500.00. Prior to the commencement of the work, Richard Motz paid Hinckley Roofing $5000.00 of the total amount due.
 {¶ 3} Appellee filed a complaint against Richard Motz on May 30, 2001, claiming breach of contract and $10,740.00 in damages, plus interest at the rate of 18 percent per annum from July 26, 2000. Richard Motz filed an answer and counterclaim on June 25, 2001, asserting Hinckley Roofing negligently performed the work under the contract causing him to incur damages in excess of the balance owed. Richard Motz alleged that Hinckley's failure to install the new roof in accordance with manufacturer's recommendations allowed the premises to become flooded after a rainstorm, which resulted in his claim for damages in the amount of $16,000.00.
 {¶ 4} Richard Motz subsequently obtained leave to file an amended counterclaim, and Nellie Motz obtained leave to intervene and filed a second amended third-party complaint against Hinckley.[1] The Motzs claimed, inter alia, that Hinckley had violated the Consumer Sales Practices Act, R.C. 1345.01 ("CSPA"), which entitled them to all damages resulting from Hinckley's deceptive and unreasonable conduct. The Motzs also alleged Hinckley acted both knowingly and in violation of previously-published court decisions declaring its conduct to be in violation of the CSPA, which entitled the Motzs to treble damages and attorneys fees. At trial, the Motzs claimed additional damages resulting from the water damage to the property inside the garage, and the garage structure and interior. The additional damages were $9750.00 to replace the shingled roofs, $20,000.00 to replace the flat roof, and $130,000.00 for damage to the garage structure and its contents.
 {¶ 5} A jury trial commenced on February 12, 2004, and prior to closing statements on February 20, 2004, the trial court granted Hinckley's motion for a directed verdict against Nellie Motz. The jury found that the Motzs breached the contract by failing to pay Hinckley the monies due, and awarded damages to Hinckley Roofing in the amount of $10,500.00. The jury found in favor of counterclaimants Motz in the amount of $8000.00 for their breach of contract claim on the asphalt shingle roof, and also awarded the Motzs $6000.00 for the costs to repair and replace the roof.
 {¶ 6} Appellants subsequently filed motions for a new trial and for judgment notwithstanding the verdict on June 1, 2004. The trial court denied these motions on June 4, 2004. Appellants appealed, asserting five assignments of error. For ease of discussion, we will address the first and second assignments of error together. The three remaining assignments of error shall be addressed separately.
 ASSIGNMENT OF ERROR I
"It was prejudicial error to deny the Motzs' motion for directed verdict at the close of Hinckley's case in chief, and again at the close of all evidence."
 ASSIGNMENT OF ERROR II
"It was prejudicial error to grant Hinckley's motion for directed verdict removing Nellie Motz, the sole property owner, from the case."
 {¶ 7} Appellants assert in their first assignment of error that the trial court erred when it granted Hinckley's motion for a directed verdict because Ed Walkuski, the president of Hinckley Roofing, was incompetent to testify on whether the company correctly performed the work. Appellants believe that because Mr. Walkuski did not personally perform the work and had not visited the job site for any length of time, he should not have been permitted to testify as to whether Hinckley had substantially performed the work in order to recover the contract price. Appellants additionally assert that their motion for a directed verdict should have been granted at the close of all the evidence, stating there was nothing to justify the conclusion that Appellees had substantially performed in a manner consistent with its own brochure and contract. We disagree.
 {¶ 8} In their second assignment of error, Appellants argue that the trial court's dismissal of Nellie Motz as a claimant resulted in numerous violations of laws, the Consumer Sales Practices Act ("CSPA"), and deprived the jury of the opportunity to award damages to the real party in interest and the sole property owner. Although Richard Motz was initially the sole owner of the property, he transferred his ownership to Nellie Motz via a quitclaim deed subsequent to entering into the contracts with Hinckley. Thus, at the time of trial, Nellie Motz was the sole owner of the property. As the CSPA does not require privity of contract as a prerequisite to damages, the Appellants believe that Nellie Motz was the undisclosed principal who benefited from the consumer transaction involving Hinckley's services to the Motz residence and garage roofs. Her dismissal from the suit prevented the jury from being able to award damages to the actual property owner, according to Appellants. We disagree.
 {¶ 9} A motion for a directed verdict tests the sufficiency of the evidence, not the weight of the evidence or the credibility of witnesses. Wagner v. Roche Laboratories (1996), 77 Ohio St.3d 116, 119. An appellate court reviews de novo the trial court's grant of a directed verdict. Schafer v. RMS Realty (2000), 138 Ohio App.3d 244, 257.
 {¶ 10} Directed verdict motions are governed by Civ.R. 50(A)(4) which provides that when a motion for a directed verdict has been properly made, the trial court must construe the evidence in favor of the nonmoving party. If the court finds that reasonable minds could come to one conclusion and that conclusion is against the nonmoving party, the court shall grant the motion and direct a verdict for the moving party as to that issue. Id. If the party opposing the motion for a directed verdict fails to present evidence on one or more of the essential elements of a claim, a directed verdict is proper. Hargrove v. Tanner
(1990), 66 Ohio App.3d 693, 695. However, where substantial evidence is presented such that reasonable minds could come to differing conclusions, the court should deny the motion. Posin v. A.B.C. MotorCourt Hotel, Inc. (1976), 45 Ohio St.2d 271, 275. "The `reasonable minds' test of Civ.R. 50(A)(4) calls upon the court only to determine whether there exists any evidence of substantial probative value in support of that party's claim." Ruta v. Breckenridge-Remy Co. (1982),69 Ohio St.2d 66, 69.
 {¶ 11} Addressing the Appellants' first assignment of error, we do not find that the trial court committed prejudicial error when denying Appellants' motion for directed verdict. Ed Walkuski, the President of Hinckley Roofing, testified that although he did not personally complete the work, he was in charge of providing materials for the job, maintained the business records and observed the trucks returning from the worksite with materials. He also visited the site where the work was being performed. The Motzs failed to contradict any of Hinckley's evidence during Hinckley's case-in-chief, and the expert witness testimony and evidence relating to such testimony were not before the court at the time Appellants moved for a directed verdict at the close of Hinckley's case in chief. Additionally, Appellants failed to renew their directed verdict motion at the close of all the evidence, which resulted in waiver of the motion on appeal. Chemical Bank of New York v. Neman (1990),52 Ohio St.3d 204, 206; Helmick v. Republic-Franklin Ins. Co. (1988),39 Ohio St.3d 71, 72. Appellants' first assignment of error is overruled.
 {¶ 12} With regard to the second assignment of error concerning the removal of Nellie Motz, this Court finds that although the trial court erred when it granted Hinckley's motion, this error does not rise to the level of prejudicial error and, therefore, resulted in harmless error.
"Civ.R. 61 sets forth the harmless error rule in civil cases, providing that no error or defect in any ruling is, `ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.'"
Chieffo v. YSD Industries, Inc., 157 Ohio App.3d 182, 2004-Ohio-2481, at ¶ 24. See also, See Leichtamer v. American Motors Corp. (1981),67 Ohio St.2d 456, 474-75 (harmless error is one which does not affect a substantial right of the parties).
 {¶ 13} In this case, Nellie Motz was not a party to the contract, and did not present any evidence that she entered into a consumer transaction with Appellee. As the jury found that Hinckley had not committed any unfair, unconscionable or deceptive act in violation of the CSPA, they awarded damages based on the negligence of Hinckley. This Court cannot say that the jury's verdict would have been any different had Nellie Motz been a party to the case. This ruling by the trial court did not substantially affect the rights of Appellants, and any error was therefore harmless. Accordingly, Appellants' first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR III
"It was prejudicial error to deny Motz the opportunity to give a rebuttal closing on his own counterclaim."
 {¶ 14} In their third assignment of error, Appellants claim the trial court committed prejudicial error when it denied Appellants the opportunity to give a rebuttal closing on their counterclaim.[2]
Appellants claim that under R.C. 2315.01, the party with the burden of proof shall give the rebuttal closing, and that failure to follow this statute is prejudicial error. Appellants also assert that failure to allow Motzs' counsel to give a rebuttal closing on the CSPA counterclaim issues was fatal to a fair trial. We disagree.
 {¶ 15} R.C. 2315.01(A)(6) states: "The parties then may submit or argue the case to the jury. The party required first to produce that party's evidence shall have the opening and closing arguments. If several defendants have separate defenses and appear by different counsel, the court shall arrange their relative order." Although Appellants claim they were entitled to give a rebuttal closing on their counterclaim under R.C. 2315.01(A), this statute also gives the trial court discretion in its deviation from proceeding from the proscribed order "for special reasons the court otherwise directs."
 {¶ 16} "[I]n the absence of a good reason to the contrary, it is reversible error for a trial court to fail to follow trial procedure as provided in R.C. 2315.01." Polasky v. Stampler (1971), 30 Ohio App.2d 15,19. In this case, the trial court explained it was deviating from the normal closing argument order in an effort not to confuse the jurors in their attempt to follow the arguments for each party's claim and the Motzs' counterclaim. When the trial court deviates from R.C. 2315.01(A)(6), little, if any, prejudice to the appellant can be discerned given the restricted scope of rebuttal. Ferguson v. Dyer (2002),149 Ohio App.3d 380, 2002-Ohio-1442, ¶ 27. Therefore, we conclude the trial court's deviation from R.C. 2315.01(A)(6) did not fall within the category of prejudicial error, and overrule Appellant's third assignment of error.
 ASSIGNMENT OF ERROR IV
"It was prejudicial error to deny the Motzs' motion for a new trial and for judgment notwithstanding the verdict."
 {¶ 17} Appellants challenge the trial court's denial of their motions for a new trial and judgment notwithstanding the verdict in their fourth assignment of error, characterizing the trial court's actions as an abuse of discretion because the actions were "arbitrary, capricious and manifestly contrary to law." Appellants assert five reasons why their motions should have been granted: (1) the court's failure to take judicial notice of Webb v. Williams (July 30, 1993), 6th Dist. No. L-92-217; (2) the dismissal of Nellie Motz was contrary to law, justifying a new trial; (3) Hinckley's case in chief was "bereft" of competent evidence, justifying a new trial; (4) the trial court went against its own order by allowing two witnesses to testify for Appellee, when neither witness had been identified by Appellee in compliance with the court's pretrial order; and (5) Motz had been denied a rebuttal closing on his own counterclaim. This Court disagrees.
 {¶ 18} The jury received twenty-eight interrogatories to answer during its deliberations. Interrogatory No. 14 stated: "Did Richard Motz sustain any other damages to the out-building/garage, other than the cost of repairing the roof itself?" The jury answered "No." Interrogatory No. 16 stated: "Do you find by a preponderance of the evidence that Richard Motz failed to mitigate his damages?" The jury answered "Yes." In corresponding interrogatory No. 17, the jury indicated that Motz failed to mitigate his damages by $130,000.00. Interrogatory No. 19 stated: "Did Richard Motz prove by a preponderance of the evidence that Hinckley Roofing performed an unfair, deceptive or unconscionable act in relation to the roofing work performed on the residence of Richard Motz?" The jury answered "No." The jury was asked the same question in regards to the work performed on the out-building/garage, to which they also answered "No." Interrogatory 28 stated: "Do you find by a preponderance of the evidence that, with regard to any unfair, deceptive or unconscionable practices, Hinckley acted knowingly?" The jury answered "No." Following each of their answers, each juror signed the individual interrogatories.
 {¶ 19} After the jury returned its verdict, the trial court entered an order journalizing its judgment finding in favor of Appellant Richard Motz on his breach of contract counterclaim, against Motz on his CSPA violation claim, and in favor of Appellee Hinckley Roofing on their breach of contract claim. Appellants subsequently filed their motions for JNOV and/or a new trial, and the trial court denied both motions.
 {¶ 20} An appellate court applies the same standard of review when evaluating the denial of either a motion for directed verdict or a motion for JNOV. Rondy, Inc. v. Goodyear Tire Rubber Co., 9th Dist. No. 21608, 2004-Ohio-835, at ¶ 5, citing Posin, 45 Ohio St.2d at 275. Both motions assess the sufficiency of the evidence on a claim without weighing the evidence or credibility of witnesses, and thus both involve a question of law which must be reviewed de novo. Rondy at ¶ 5, citingSchafer, 138 Ohio App.3d at 257; Strother v. Hutchinson (1981),67 Ohio St.2d 282, 284; Ruta v. Breckenridge-Remy Co. (1982),69 Ohio St.2d 66, 68.
 {¶ 21} The resolution of a motion for a new trial lies "in the sound discretion of the trial court and will not be disturbed on appeal unless there has been an abuse of discretion." Pena v. Northeast Ohio EmergencyAffiliates, Inc. (1995), 108 Ohio App.3d 96, 103. An abuse of discretion is manifest when the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When a trial court's decision on a motion for a new trial involves a question of fact, a reviewing court must view the evidence in a light favorable to the trial court's decision rather than the jury's verdict. Osler v. Lorain (1986), 28 Ohio St.3d 345, 351, citing Jenkins v. Krieger (1981), 67 Ohio St.2d 314, 320.
 {¶ 22} This Court concludes that this case does not reflect an abuse of discretion by the trial court, and finds that the trial court did not display an unreasonable, arbitrary or unconscionable attitude. Upon reviewing the record, we find Appellant's above-listed reasons as ineffective arguments in support of a motion for a new trial and/or JNOV. None of Appellant's aforementioned reasons justify vacating the jury's verdict and granting Appellants' motion for new trial. Construing the evidence most strongly in favor of Appellees, this Court finds the trial court properly denied Appellants' motion for JNOV. The trial court did not commit prejudicial error when it denied Appellants' motions for JNOV and/or a new trial. Appellants' fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR V
"It was plain error to commit the numerous significant deviations from fairness and proper administration of the adversary system that took place at and after trial."
 {¶ 23} In their final assignment of error, Appellants set forth nine mistakes committed by the trial court, which they believe "conspired to rob this trial and what followed it of basic fairness and integrity." The errors are as follows: (1) an incompetent witness was allowed to testify at length and his testimony was allowed to form the only basis for submission of a party's case to the jury; (2) a real party in interest in a CSPA case was dismissed even though the pretext, lack of privity of contract, has no bearing under the CSPA as a matter of law; (3) two lawyers for one party were allowed to cross-examine most witnesses, so the counterclaimant was, in effect, "tag teamed" on every witness; (4) the jury found facts on which to clearly base an award of treble damages and attorney's fees under the CSPA as a matter of law, but neither was granted; (5) the failure to mitigate damages was argued at length when there was absolutely no evidence to justify it in the record; (6) preventing Motz from mentioning Hinckley's insurance, thus confusing the jury on the mitigation of damages issue; (7) allowing a jury view but preventing the jurors from gaining access to the roofs or viewing the interior of the garage; (8) allowing Hinckley's defense lawyer on the counterclaim to give the final closing when she did not have the burden of proof; and (9) failing to grant a new trial or judgment JNOV when the grounds for post-trial relief were glaringly obvious. We disagree.
 {¶ 24} A plain error is one that is "obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse effect on the character and public confidence in judicial proceedings." Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 209. The Ohio Supreme Court set forth the plain error standard as follows:
"In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson (1997),79 Ohio St.3d 116, paragraph one of the syllabus. See, also, LeFort v.Century 21-Maitland Realty Co. (1987), 32 Ohio St.3d 121, 124 (stating that the plain error doctrine should be used with the utmost caution and only under exceptional circumstances to prevent a manifest miscarriage of justice).
 {¶ 25} This Court cannot say that this instant case is one of those extremely rare cases involving exceptional circumstances. We decline to analyze the Appellant's proffered individual reasons, and believe none of the reasons listed by Appellant seriously affected the basic fairness, integrity or public reputation of the underlying judicial process, perGoldfuss, 79 Ohio St. 3d 116. Upon review of the record, we conclude that neither the trial court nor the jury created a "manifest miscarriage of justice," and that any of the reasons listed by Appellants, if committed by the trial court, would be considered harmless error.
 {¶ 26} The judgment of the Medina County Court of Common Pleas is affirmed and Appellant's five assignments of error are overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Moore, J. concurs.
[1] The Second Amended Counterclaim, filed by Richard Motz, and the Third Party Complaint, filed by Nellie Motz, were substantially identical, alleging that the Motzs were consumers, he as her agent, and she as the undisclosed principal and subsequent sole owner of the residential property.
[2] Appellants also incorporate this statement into their fourth assignment of error. However, this Court shall only address this argument in the discussion of the third assignment of error.