[Cite as *Roark v. Kelly Heating & Air*, 2014-Ohio-5807.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY   COUNTY

| | | |
|---|---|---|
| ROBERT L. ROARK | : | |
| | : | Appellate Case No. 26159 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 13-CVF-1018 |
| v. | : | |
| | : | |
| KELLY HEATING & AIR | : | (Civil Appeal from Montgomery County |
| | : | Municipal Court-Western Division) |
| Defendant-Appellee | : | |

. . . . . . . . . .

# O P I N I O N

Rendered on the 30th day of December, 2014.

. . . . . . . . . .

ROBERT L. ROARK, 6080 Preble County Line Road, Brookville, Ohio 45309
        Plaintiff-Appellant, *pro se*

KEITH FRICKER, 10 North Ludlow Street, Suite 950, Dayton, Ohio 45402
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Plaintiff-appellant Robert L. Roark appeals from a judgment rendered against him by the Montgomery County Municipal Court, on a counterclaim filed by defendant-appellee Kelly Heating & Air. Kelly did not participate in this appeal. We conclude

that the trial court committed plain error by setting this matter for trial on the counterclaim without giving Roark the opportunity to file an answer or obtain discovery, as required by the civil rules. Therefore, the judgment of the trial court is Reversed, and this cause is Remanded for a new trial.

## I. The Course of Proceedings

{¶ 2} Roark brought this action in the small claims division of Montgomery County Municipal Court on November 20, 2013, seeking damages in the sum of $928.50 in connection with a new furnace he purchased from Kelly Heating & Air. Roark alleged that the furnace was installed in a negligent manner, the job was not completed, and he was not given a warranty for parts, labor or maintenance that was expected as part of the transaction. The case was initially set for trial on December 12, 2013, but was continued at Roark's request, due to his illness. A new trial date was set for January 10, 2014, but it was continued at the request of a representative of Kelly Heating & Air. A third trial date was set for January 24, 2014, but on that day counsel for Kelly filed a notice of appearance, so the case was continued again. On January 31, 2014, the court approved Kelly's request to move the case to the court's regular docket in the civil division, which removed it from the small claims division. On February 10, 2014, Kelly filed an answer and counterclaim, seeking damages for breach of contract in the amount of $255.94, plus attorney fees and $500 for "defense of a frivolous lawsuit." The next day, February 11, 2014, the court issued a notice of assignment, setting the trial for 10:00 a.m. on March 7, 2014, less than 28 days after the filing of the counterclaim. The counterclaim was served by regular mail, and Roark acknowledged its receipt. Roark arrived late for the trial based on his mistaken belief that it was

set at 11:00 a.m., which was the time that had been set for the three previous trial dates.

{¶ 3} The court notes in its decision that the trial began at 10:20 A.M, at which time the Plaintiff failed to appear. The court dismissed Roark's complaint for failure to prosecute. The court granted judgment to Kelly on the counterclaim in the amount of $755.94, plus costs of $45.00, for a total of $800.94. Two documents were submitted into evidence allegedly documenting a balance owed of $239.20 or $255.94. Although the trial court provides no findings of fact, it appears that the judgment is based on an award on the breach of contract claim in the amount of $255.94, and an award on the claim for frivolous conduct in the amount of $500.00. Roark filed a post-trial motion seeking a new trial. On March 17, 2014 the court issued an order denying the motion, explaining that "In his pleading the Plaintiff asks for 'reconsideration' of the court's prior judgment in this case. A motion for reconsideration does not lie at the trial level and is only available at the Court of Appeals level".   Roark appeals.

## II. Standard of Review

{¶ 4} Roark has not identified any assignments of error as required by App. R. 16. Roark has also not provided a transcript of the trial proceedings. Therefore, we will review the judgment under the plain error doctrine, which " 'provides for the correction of errors clearly apparent on their face and prejudicial to the complaining party even though the complaining party failed to object to the error at trial.' " *Corey v. Corey,* 2d Dist. Greene No. 2013-CA-73, 2014-Ohio-3258, ¶ 8, quoting *O'Brien v. O'Brien,* 5th Dist. Delaware No. 2003-CA-F12069, 2004-Ohio-5881, ¶ 19. (citations omitted.) We have recognized that, " '[t]he plain error doctrine may be utilized in civil cases only with the utmost caution, under exceptional circumstances and

only to prevent a manifest miscarriage of justice.' " *Id.,* citing *O'Brien* at ¶ 19. (citation omitted.)

### III. The Trial Date Should Have Been Set More than
### 28 Days after the Filing of the Counterclaim

**{¶ 5}** This case was originally filed in the small claims division of the court, then upon request of the defendant, it was transferred to the regular docket of the civil division. Although a municipal court generally expedites proceedings in its small claims division, once the case is transferred to the regular docket of the civil division, the provisions governing small claims proceedings under Chapter 1925 of the Revised Code no longer apply. The Ohio Rules of Civil Procedure apply to any civil case pending in the regular docket of the civil division of a municipal court.

**{¶ 6}** Civ. R. 12 (A)(2) provides "[t]he plaintiff shall serve his reply to a counterclaim in the answer within twenty-eight days after service of the answer or, if a reply is ordered by the court, within twenty-eight days after service of the order, unless the order otherwise directs." In the case before us, after a counterclaim was filed against Roark, the trial court did not order any change in the date for the reply to the counterclaim. In accordance with Civ. R. 12, assuming that Roark was served with the counterclaim within 3 days after it was filed, Roark's reply to the counterclaim would have been due on March 13, 2014. However, the trial court conducted the trial on March 7, 2014, before Roark's reply was due. We find plain error in the court's case management plan, which set the case for trial on the court's regular civil docket before the reply to the counterclaim was due or had been filed. Pursuant to the Ohio Rules of Civil Procedure, and the trial court's local rules, Roark was entitled to time for discovery, a pretrial conference to

exchange trial materials and to discuss the possibility of settlement, and the opportunity to file pretrial motions. Failure to provide Roark with sufficient time to prepare a defense to the counterclaim resulted in manifest injustice. Thus, the judgment against Roark must be Reversed, and this cause must be remanded for a new trial.

## IV.   Conclusion

{¶ 7}     For the reasons set forth above, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.

Copies mailed to:

Robert L. Roark
Keith Fricker
Hon. James L. Manning