**[Cite as *Scott v. Wells*, 2022-Ohio-471.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DAVID SCOTT, | : | APPEAL NO. C-210268 |
| | | TRIAL NO. 20CV-16236 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| BURNETT WELLS, | : | |
| and | : | |
| METRO SECURITY & DETECTIVE AGENCY, LLC, | : | |
| Defendants-Appellants. | : | |

Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:   February 18, 2022

*David Scott*, pro se,

*Joshua Evans*, for Defendants-Appellants.

**WINKLER, Judge**.

{¶1} Defendants-appellants Burnett Wells and Metro Security and Detective Agency, LLC ("Metro Security"), appeal the decision of the Hamilton County Municipal Court in favor of plaintiff-appellee David Scott on his claim for breach of contract. We find merit in appellants' sole assignment of error, and we reverse the trial court's judgment.

{¶2} On September 29, 2020, Scott filed a complaint in the small claims division of the Hamilton County Municipal Court against Wells for breach of contract. Subsequently, Wells filed a counterclaim alleging that Scott had breached the contract. Because Wells sought damages in excess of $6000, the case was transferred to the regular docket of the municipal court under R.C. 1925.10. After a hearing, the trial court entered judgment in favor of Scott for $3,800, the amount he claimed was due under the contract.

{¶3} The record shows that Scott and Wells, who runs Metro Security, entered into a contract for the sale of a dog that had been trained in drug and gun detection. Wells agreed to pay $7,000 for the dog. After Wells paid an initial sum of $3,200, Scott delivered the dog to him. Wells failed to pay the remaining $3,800 as provided for in the contract.

{¶4} Wells contended that training his employees to handle the dog was included in the contract and that there was no reason for him to purchase a dog that neither he nor his employees could handle. He presented an original copy of a statement dated August 16, 2018, which stated, "Purchase agreement of K-9 drug detection dog * * * Bal. Due – Aug. 26 * * * 3,800." The copy he provided also contained the language "after training completed," which appears to be in different handwriting.

{¶5} Scott contended that the document presented by Wells was forged, and that the contract was only for the sale of the dog. He presented a copy of the

2

document that did not contain the language about training. He stated that although the dog was nationally certified, he was not a certified trainer and that he had just sold the dog. Scott claimed that there was a separate oral agreement for him to do some sweeps for Wells, because Wells had contractual obligations when he first got the dog. Wells was supposed to pay Scott under that separate oral agreement, but he failed to do so.

{¶6} Wells no longer had possession of the dog. The dog disappeared shortly after Wells took possession. Wells claimed that Scott stole the dog and that he called Wells demanding his money before he returned the dog. Scott denied stealing the dog or having the dog at all after the sale. He indicated that the dog was "chipped." According to the company that monitored the chip, it was found in Beavercreek, Ohio. Scott presented a printout showing that the chip was scanned by the Apple Valley Animal Hospital. The animal hospital stated that the dog was fine. It later released the dog to American Belgium Malinois Rescue because no one came to pick it up. Wells contended that Scott had never provided him with that information. Scott contended that Wells had called him and accused him of stealing the dog.

{¶7} The hearing was informal. Wells and Scott were allowed to tell their sides of the story and to present their exhibits. The court asked them questions, and they answered. The court announced it would make a decision quickly, and that it would mail a copy of its decision to all parties. At that time, Wells's counsel asked, "Your Honor, we're not having a chance to have a full trial with witnesses and things of that nature?" The court responded, "What else is there to hear?" Wells's counsel stated that they had not had a chance to prove their damages. He added that Wells had missed out on a contract because of Scott's alleged breach of contract. The court finally stated, "I'm going to review the file again, after what I've heard today, and I will send you a decision very shortly."

3

{¶8} The trial court found that the agreement was for the purchase of the dog, and that Wells had later added the language "after training complete." It further stated, "The defendant agreed to purchase the dog for $7,000, and he received the dog. It ran away after it was in his possession and now he refused to pay the remainder of the purchase price. I find that he owes the remaining $3,800 to the Plaintiff."

{¶9} In their sole assignment of error, appellants contend that the trial court erred in ruling in favor of Scott without having a full trial in violation of Civ.R. 39. They argue that both parties were entitled to a full trial where witnesses could be called and cross-examined, and evidence could be presented to the court. This assignment of error is well taken.

{¶10} Once a small-claims case is transferred to the regular docket of the municipal court, the provisions governing small-claims proceedings under R.C. Chapter 1925 no longer apply. *Roark v. Kelly Heating & Air*, 2d Dist. Montgomery No. 26159, 2014-Ohio-5807, ¶ 5. Instead, "[t]he Ohio Rules of Civil Procedure apply to any civil case pending in the regular docket of the civil division of a municipal court." *Id.*

{¶11} R.C. 2315.01 provides a statutory outline for the order of trial procedure in cases tried to the jury or to the court. *See State v. Shine*, 8th Dist. Cuyahoga No. 81975, 2003-Ohio-7238, ¶ 53. R.C. 2315.08 states that "[t]he provisions of this chapter that apply to trial by jury, apply to trials by the court."

{¶12} The trial court has discretion to vary the order of the proceedings. *State v. Jenkins*, 15 Ohio St.3d 164, 473 N.E.2d 264 (1984), paragraph eleven of the syllabus; *Shine* at ¶ 52. Nevertheless, "in the absence of a good reason to the contrary, it is reversible error for the trial court to fail to follow trial procedure as provided in R.C. 2315.01." *Pratt v. Eastern Technical Prods.*, 5th Dist. Stark No. 2014CA00144, 2015-Ohio-3180, ¶ 32, and *Hinckley Roofing, Inc. v. Motz*, 9th Dist.

4

Medina No. 04CA0055-M, 2005-Ohio-2404, ¶ 16, both quoting *Polasky v. Stampler*, 30 Ohio App.2d 15, 19, 281 N.E.2d 191 (1st Dist.1971).

{¶13} An important element of a trial is the requirement that witnesses testify under oath. *See* R.C. 2315.01(A). Evid.R. 603, R.C. 2317.30, and Article I, Section 7 of the Ohio Constitution all require that an oath be administered to a witness before the witness may testify. *In re G.D.*, 9th Dist. Summit No. 27855, 2015-Ohio-4669, ¶ 38; *State v. Norman*, 137 Ohio App.3d 184, 198, 738 N.E.2d 403 (1st Dist.1999).

{¶14} This court has held that while it is error for unsworn testimony to be admitted as evidence, that error is waived by failing to bring it to the trial court's attention. *See In re G.W.*, 1st Dist. Hamilton Nos. C-190388 and C-190390, 2020-Ohio-3355, ¶ 21.; *Norman* at 198. This is true because the failure to administer an oath can be corrected if timely brought to the court's attention. *State v. Osume*, 1st Dist. Hamilton No. C-140390, 2015-Ohio-3850, ¶ 16; *Norman* at 198. *Accord E. Cleveland v. Harris*, 8th Dist. Cuyahoga No. 109404, 2021-Ohio-952, ¶ 17-19; *In re E.C.*, 3d Dist. Defiance No. 4-15-08, 2015-Ohio-4807, ¶ 6-7; *In re G.D.* at ¶ 38.

{¶15} In this case, proper trial procedure was not followed. The trial court allowed both Scott and Wells to tell their sides of the story and asked them both a number of questions. It also allowed them to present their exhibits. Nevertheless, neither was administered an oath, they did not a get a chance to present any other witnesses, and there was no opportunity for them to cross-examine the other side's witnesses. *See Osume* at ¶ 15; *Norman* at 198.

{¶16} It seems that although the case was transferred to the regular docket of the municipal court, the court treated it as if it still was in small claims court, which is by design more informal. *See Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193, ¶ 15. But even in small claims court, the Ohio Rules of Civil Procedure apply to the extent that they don't conflict with R.C.

Chapter 1925. R.C. 1925.16; *Brown v. Gabram*, 11th Dist. Geauga No. 2004-G-2605, 2005-Ohio-6416, ¶ 28-29. Witnesses must still be sworn in before testifying. *See Crumley v. Murphy*, 68 Ohio App.2d 145, 145-146, 428 N.E.2d 452 (9th Dist.1980).

{¶17} Appellants objected to the court's failure to hold a trial with witnesses, which would encompass administering an oath to the witnesses. Consequently, we hold that the trial court erred in failing to follow proper trial procedure and by failing to swear in witnesses. *See Crumley* at 146. We sustain appellants' sole assignment of error, we reverse the trial court's judgment, and we remand the cause for the trial court to hold a trial in accordance with the appropriate statutes and the Ohio Rules of Civil Procedure.

Judgment reversed and cause remanded.

**BERGERON, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.