[Cite as *Hyden v. Ingram*, 2024-Ohio-4959.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| EMANUEL HYDEN, JR., | : | |
| Appellant and Cross-Appellee, | : | CASE NO. CA2023-12-018 |
| | : | O P I N I O N<br>10/15/2024 |
| - vs - | : | |
| | : | |
| JOHN INGRAM, | : | |
| Appellee and Cross-Appellant. | : | |

CIVIL APPEAL FROM EATON MUNICIPAL COURT
Case No. CVF2300139

Emanuel Hyden, Jr., pro se.

Jacob A. Kovach, for appellee and cross-appellant.

**M. POWELL, J.**

{¶ 1} Defendant/cross-appellant, John Ingram, appeals a decision of the Eaton Municipal Court granting a judgment in favor of plaintiff/cross-appellee, Emanuel Hyden.

{¶ 2} In October 2020, Hyden and Ingram became partners in a horse racing business. The parties agreed to split profits, losses, and expenses equally. The agreement was verbal. The parties purchased two horses, Always Surprising Us ("ASU")

and Jumanji Jack ("JJ"). As time progressed, the parties' relationship deteriorated. Although each had incurred expenses related to the horses, neither shared expense information with the other. Meanwhile, both horses suffered health issues. The parties agreed to sell ASU in July 2022; ASU sold for $5,000. ASU's buyer gave a $5,000 check to Ingram who deposited the check and kept the sale proceeds.

{¶ 3} Consequently, on October 11, 2022, Hyden, acting pro se, filed a complaint in the Eaton Municipal Court, Small Claims Division, seeking judgment of $5,800 for expenses he had incurred for ASU. On November 17, 2022, Ingram filed a counterclaim for $4,873.57 for expenses he had incurred for ASU and JJ during the partnership. On March 16, 2023, Hyden filed a second small claims complaint against Ingram seeking judgment of $6,000 for expenses he had incurred for JJ. On the same day, Ingram moved to transfer the case to the court's regular docket. The municipal court subsequently consolidated Hyden's two small claims complaints and ordered that the case be transferred to the court's regular docket.

{¶ 4} The matter proceeded to a bench trial in August 2023. Hyden appeared pro se. Both parties testified. Both submitted exhibit evidence of the expenses they had incurred for ASU and JJ. Hyden submitted Exhibit 9, a chronological list of the expenses he had incurred from November 2020 through mid-September 2022; attached to the exhibit were numerous invoices as well as checks written by Hyden. Ingram submitted 31 exhibits; the majority of the exhibits consisted of invoices as well as payments made by Ingram between January 2021 and July 2023. The municipal court admitted into evidence Hyden's Exhibit 9 and Ingram's Exhibits A through EE, with the exception of Exhibits X and AA. Following trial, the municipal court ordered that JJ be sold at auction. JJ was sold for $6,500, and the sale proceeds were deposited in the IOLTA account of Ingram's counsel.

- 2 -

{¶ 5} On November 30, 2023, the municipal court granted a judgment in favor of Hyden. The court noted Ingram's failure to file an answer to Hyden's complaints, and Hyden's failure to file an answer to Ingram's counterclaim. The municipal court found that Hyden was entitled to $3,660.00 on his claim relating to ASU, by deducting his one-half share of ASU's purchase price ($2,140) from his claim for $5,800, and to $3,910 on his claim relating to JJ, by deducting his one-half share of JJ's purchase price ($2,090) from his claim for $6,000, for a total amount of $7,570. The trial court also found that Ingram was entitled to $4,873.57 (the sum he claimed in his counterclaim) and to an additional $485 for costs he advanced for the sale of JJ, for a total amount of $5,358.57. The municipal court then netted the amounts each party had incurred in expenses, found that Hyden had incurred $2,211.43 more in expenses than Ingram, and awarded Hyden one half of that amount, or $1,105.71.

{¶ 6} The municipal court next found that ASU and JJ sold for a total of $11,500, of which each party was entitled to $5,750. Noting that Ingram kept the $5,000 from the sale of ASU and Ingram's counsel deposited the $6,500 sale proceeds for JJ into his IOLTA account, the municipal court found that Hyden was entitled to a $6,855.71 judgment, consisting of $5,750 (one-half of the total proceeds sales) and $1,105.71 (the excess expenses Hyden had incurred).

{¶ 7} Hyden appealed the trial court's decision to this court. Ingram cross-appealed from the same decision, raising two cross-assignments of error. On May 6, 2024, we dismissed Hyden's appeal on the ground his pro se amended brief did not comply with both the Appellate and Local Rules of Procedure. *See* Loc.R. 11(G).

{¶ 8} Ingram's Cross-Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED IN RENDERING A JUDGMENT BASED UPON NEITHER PARTY FILING AN ANSWER TO THE PENDING COMPLAINTS.

{¶ 10} In granting judgment in favor of Hyden, the municipal court noted that neither party had filed answers to the other party's claims. Ingram argues that the municipal court erred in rendering a judgment on that ground because this was akin to the municipal court improperly granting a default judgment where responsive pleadings are not required in the court's small claims division. Ingram further argues that the municipal court did not base its decision upon the evidence presented at trial.

{¶ 11} Civ.R. 1(C)(4) provides that the Ohio Rules of Civil Procedure are inapplicable in small claims matters under R.C. Chapter 1925. Thus, the provisions of Civ.R. 12(A)(1) relating to the service of an answer to a complaint were not applicable while this matter was pending in the municipal court's small claims division. However, once a small-claims case is transferred to the regular docket of the municipal court, the provisions governing small-claims proceedings under R.C. Chapter 1925 no longer apply. *Scott v. Wells*, 2022-Ohio-471, ¶ 10 (1st Dist.). The Ohio Rules of Civil Procedure apply to any civil case pending in the regular docket of the civil division of a municipal court. *Id.,* citing *Roark v. Kelly Heating & Air*, 2014-Ohio-5807, ¶ 5 (2d Dist.).

{¶ 12} Neither party cites authority for whether the origination of a case in the small claims division relieves a party of the obligation to file a responsive pleading upon transfer to the municipal court's regular docket. R.C. 1925.10, the transfer statute, does not address the issue. We have found two cases indicating that a small claims case does not necessarily lose its small-claims character upon being transferred to the regular docket. *See McDonald v. Ohio Packaging Corp.*, 1988 Ohio App. LEXIS 1948 (5th Dist. May 16, 1988) (Civ.R. 54[C] inapplicable upon transfer to the municipal court's regular docket); *Campbell v. Union Twp. Serv. Dept.*, 2005-Ohio-7162 (M.C.). The municipal court did not order the parties to file answers after the case was transferred to its regular docket.

**{¶ 13}** In any event, Ingram's main argument is that the municipal court did not consider the evidence presented at trial and simply granted default judgment in favor of each party based upon their complaint/counterclaim because neither had filed answers. However, the record clearly shows that it is not what the municipal court did. The municipal court conducted a bench trial, admitted the parties' exhibits, and advised the parties it would go through all the exhibits. The court's analysis and several references to the parties' testimony in its November 30, 2023 decision plainly indicates that the municipal court considered the evidence presented at trial in rendering its judgment. Likewise, the court's subsequent findings of facts and conclusions of law indicate it considered the testimony and exhibits presented by each party in rendering its judgment.

**{¶ 14}** Ingram's first cross-assignment of error is overruled.

**{¶ 15}** Ingram's Cross-Assignment of Error No. 2:

**{¶ 16}** THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶ 17}** Ingram argues that the municipal court's judgment in favor of Hyden is a miscarriage of justice. Ingram asserts that he is owed $8,233.87 and that Hyden is owed $5,760, and that "[t]he grand total is $13,993.87 in expenses with a difference of $2,473.87 in favor of [Ingram]. [Ingram] is owed $2,473.87 from [Hyden] for unpaid expenses related to the care of the horses through 2022."

**{¶ 18}** The standard of review for a manifest weight challenge in a civil case is the same as that applied to a criminal case. *Halcomb v. Greenwood*, 2019-Ohio-194, ¶ 36 (12th Dist.), citing *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 17. In considering a manifest weight challenge, a reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created a manifest miscarriage of

justice warranting reversal and a new trial ordered. *Halcomb* at ¶ 36. A judgment will not be reversed as being against the manifest weight of the evidence where the judgment is supported by some competent, credible evidence going to all essential elements of the case. *Id.*

{¶ 19} "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *In re Z.C.*, 2023-Ohio-4703, ¶ 14. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Id.* "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment." *Id.*

{¶ 20} In challenging the municipal court's judgment, Ingram underlines Hyden's request he be reimbursed $1,700 for stakes and his trial admission that Exhibit 9 includes expenses for a third horse owned solely by Hyden. At trial, Ingram challenged the inclusion of Hyden's stakes payments in Exhibit 9, stating the parties each paid stakes for one of the horses at the time of entry.

{¶ 21} At trial, the municipal court advised Hyden that only documents attached to Exhibit 9 in support of a listed expense would be considered as evidence. Exhibit 9 lists three separate charges for stakes, totaling $1,250. While a check number was listed next to each of the stakes charges, the checks were not attached to Exhibit 9 and thus, were not considered by the municipal court. Furthermore, Hyden plainly conceded at trial that each party paid one-half of the stakes at the time of entry.

{¶ 22} Regarding Hyden's expenses relating to a third horse, Hyden testified that although Exhibit 9 included a handful of expenses for three horses, he was only seeking

to be reimbursed for two-third of the expenses. Unlike other expenses that had smaller dollar amounts in parentheticals indicating the actual reimbursements Hyden was seeking, the three expenses listing three horses lacked parentheticals. However, Hyden testified it was an oversight on his part and apologized. We therefore find no merit to Ingram's arguments regarding stakes and the unrelated horse.

{¶ 23} Though his counterclaim was for $4,873.57 for expenses he had incurred for the care of ASU and JJ in 2021 and 2022, Ingram claims on appeal that Hyden owes him $8,233.87 for expenses Ingram incurred for the horses through 2022. Although Ingram presented numerous exhibits in support of his counterclaim, he does not cite to any of his exhibits and likewise fails to cite to the record in the argument section of his brief. "The burden of affirmatively demonstrating error on appeal rests with the party asserting error." *Sparks v. Sparks*, 2011-Ohio-5746, ¶ 17 (12th Dist.). It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error. *Hellmuth v. Stephens*, 2023-Ohio-4592, ¶ 23 (12th Dist.). An appellate court is not a performing bear, required to dance to each and every tune played on an appeal. *Id.*

{¶ 24} Although Ingram was represented by counsel at trial, the testimony of the parties and the presentation of their exhibits at trial were difficult to follow and at times confusing and disjointed. Nonetheless, the record shows that both parties incurred expenses related to ASU and JJ, and that they both refused to discuss them or work together to net the expenses to keep each party's expenditures equal. Relying on the evidence presented by the parties, the court found that both parties had proven their respective case, found that Hyden had incurred more expenses than Ingram, and granted judgment in favor of Hyden. The judgment is supported by competent, credible evidence. We therefore find that the municipal court's November 30, 2023 judgment in favor of

Hyden is not against the manifest weight of the evidence.

**{¶ 25}** Ingram's second cross-assignment of error is overruled.

**{¶ 26}** Judgment affirmed.

BYRNE, P.J., and PIPER, J., concur.